**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROBERT JEFFREY BRADY, ADC #116780                                                PLAINTIFF

v.                                     NO. 5:14CV00103 JLH-BD

STEPHEN WILLIAMS, Warden, Tucker Unit,
Arkansas Department of Correction; et al.                                          DEFENDANTS

**ORDER**

Robert Jeffrey Brady is an inmate in the Arkansas Department of Correction. He alleges that he was incarcerated at the Tucker Unit on August 20, 2011, when officers of that unit permitted an attack on him that resulted in a black right eye, a broken left leg, and dislocation of his left foot. He also alleges that over the course of the next two years his medical treatment was inadequate, ultimately resulting in the loss of his foot. He has alleged deliberate indifference claims against employees of the Ouachita Regional Correctional Unit of the Arkansas Department of Correction, where he was transferred after the attack, as well as against employees of Corizon, LLC, a private healthcare provider that provides medical services to inmates pursuant to a contract with the ADC. All of the defendants have filed motions to dismiss for failure to state a claim upon which relief may be granted. In addition, the Corizon defendants have filed motions to dismiss based on improper venue.

United States Magistrate Judge Beth Deere entered a partial recommended disposition in which she recommended that the motions filed by the Corizon defendants be granted (Documents #55, #62, and #65). She also recommended that the motions filed by the Ouachita Regional Correctional Unit employees be granted in part and denied in part. More specifically, she recommended that Brady's claims for money damages from the Ouachita Regional Correctional Unit employees in their official capacities be dismissed as barred by sovereign immunity. She

recommended that the Court permit Brady to proceed both on his failure-to-protect claim and his deliberate indifference claim, overruling the defendants' objection that the claims are unrelated. Finally, she recommended that the Court hold that the complaint states a claim upon which relief can be granted on Brady's claims against the employees of the Ouachita Regional Correctional Unit.

The employees of the Ouachita Regional Correctional Unit have objected, arguing that the complaint fails to state a claim upon which relief can be granted against them and contending Judge Deere's recommendations are inconsistent insofar as she recommends that the Court find that the complaint fails to state a claim against the Corizon employees, who were responsible for Brady's medical care, but that the complaint states a claim against the Ouachita Regional Correctional Unit employees, who were not responsible for Brady's medical care.

Upon *de novo* review, the Court adopts the proposed findings and partial recommended disposition. Brady has not objected to Judge Deere's recommendation that the motions to dismiss filed by the Corizon employees be granted. Therefore, the Court adopts that part of the partial recommended disposition. The motions to dismiss filed by Dr. Gregory McKenney (Document #55), Juanita Stell (Document #62), and James Pratt (Document #65) are GRANTED. Robert Brady's claims against those three defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted.

Brady has not objected to Judge Deere's recommendations that his claims for money damages against the Ouachita Regional Correctional Unit employees in their official capacities be dismissed as barred by sovereign immunity. The Court therefore adopts that portion of the partial recommended disposition. Robert Brady's claims for money damages against the employees of the

Ouachita Regional Correctional Unit in their official capacities are barred by sovereign immunity and are therefore dismissed with prejudice.

Judge Deere also recommended that the state-law tort claims against the Ouachita Regional Correctional Unit defendants be dismissed without prejudice based on the statutory immunity provided by Arkansas Code Annotated § 19-10-305(a). Brady has not objected to that portion of the partial recommended disposition. The Court therefore adopts that recommendation. Robert Brady's state-law tort claims against the employees of the Ouachita Regional Correctional Unit are dismissed without prejudice.

Finally, as noted, the Ouachita Regional Correctional Unit employees contend that the complaint fails to state a claim upon which relief can be granted against them. Admittedly, the allegations in the complaint against each individual defendant are sparse. Nevertheless, viewing Brady's complaint liberally, as the Court is required to do for *pro se* pleadings, the Court cannot say at this time that the complaint fails to state a claim upon which relief can be granted. Consequently, the Court adopts the recommendation by Judge Deere that the motion to dismiss filed by the employees of the Ouachita Regional Correctional Unit be DENIED. Document #40.

This matter is therefore again referred to United States Magistrate Judge Beth Deere for disposition or recommended disposition, as appropriate, of all pretrial matters. The Court notes that Brady has not moved for appointment of counsel. If he wishes to proceed *pro se*, certainly he may do so. If, however, he moves for appointment of counsel, that motion should be given serious consideration by Judge Deere. Brady's allegations involve a tragic medical outcome. He attempts to allege that the tragic outcome is the result of deliberate indifference by the correctional officers, who allegedly failed to take him to the healthcare providers in a timely fashion, and that it is the

result of deliberate indifference by the healthcare providers; but it is apparent that Brady is unable to articulate his claims in a clear fashion. Consequently, if Brady moves for appointment of counsel, this may be one of those rare instances in which appointment of counsel early in the proceeding, rather than after discovery has been concluded, would be appropriate so that Brady would have professional assistance in identifying what his claims are and against whom they should be asserted.

IT IS SO ORDERED this 7th day of August, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE