**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**ROBERT JEFFREY BRADY**
**ADC #116780** **PLAINTIFF**

**V.** **CASE NO. 5:14-CV-103 JLH/BD**

**RAY HOBBS, et al.** **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I. Procedures for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation within fourteen (14) days. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

### II. Background:

Robert Jeffrey Brady, an Arkansas Department of Correction inmate, filed this lawsuit pro se under 42 U.S.C. § 1983. (Docket entry #2) Because Mr. Brady's original

complaint was deficient, the Court ordered him to file an amended complaint. (#5) After he filed an amended complaint (#8), the Court ordered the Defendants to be served. (#9)

In his original and amended complaints, Mr. Brady alleges that he was injured during an attack by a fellow inmate. He alleges that former Defendant Etory Kearney allowed an inmate to enter his cell, then failed to intervene to stop the assault.[1] He also alleges that Defendant Williams was present in the infirmary immediately following the attack and that, based on Defendant Williams's failure to act, Mr. Brady "endured 24 months of serious pain and suffering" that eventually resulted in the amputation of his left leg. (#8 at p.2)

In his first amended complaint, Mr. Brady specifically requested that the Court allow him to retain his right to amend his complaint to include a deliberate-indifference claim. He explained that, based on his limited access to legal materials, it was unclear whether he could pursue such a claim. Mr. Brady, however, indicated that he would seek to hold ADC personnel responsible for their failure to provide medical services if he could find relevant case law.

Later, Mr. Brady moved to amend his complaint to include deliberate-indifference claims against ten additional Defendants, including four ADC employees. (#33) In his proposed amended complaint, Mr. Brady explained that employees at the Tucker Unit, as

---

[1] Because Mr. Brady failed to serve Etory Kearney in the time permitted by the Federal Rules of Civil Procedure, the Court dismissed his claims against Defendant Kearney. (#38)

well as those at the Ouachita River Unit ("ORU"), failed to provide him adequate medical treatment for the injuries sustained in the inmate attack, resulting in the amputation of his leg. The Court granted Mr. Brady's motion to amend and ordered service for the additional Defendants.

Defendants Glover, Griffin, Kelley and King ("ORU Defendants") then moved to dismiss Mr. Brady's claims against them. (#40) They argued that Mr. Brady should not be permitted to include two unrelated claims in one lawsuit and that Mr. Brady had failed to state a constitutional claim against them.

Separate Defendants McKenney, Stell, and Pratt also moved to dismiss Mr. Brady's claims against them. (#55, #62, #65) They argued that Mr. Brady failed to state a claim against them and that, if the Court allowed Mr. Brady to proceed on any claims against them, the Eastern District of Arkansas is not the proper venue to bring such claims.

Although the Court dismissed Mr. Brady's claims for money damages against the ORU Defendants in their official capacities, as well as Mr. Brady's state-law claims against those Defendants, the Court allowed Mr. Brady to proceed against the ORU Defendants in their individual capacities. (#77) The Court dismissed Mr. Brady's claims against Defendants McKenney, Stell, and Pratt, without prejudice, based on his failure to state a constitutional claim. (#77)

Defendants Williams, Glover, Griffin, Kelley, and King have now moved for summary judgment on Mr. Brady's claims against them based on his failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act. (#81) Mr. Brady, though counsel, has responded to the Defendants' motion, and the Defendants have replied. (#86, #88)

Although the Court is sympathetic to Mr. Brady's complaints, the law regarding exhaustion is well settled. The Court must recommend that the Defendants' motion (#81) be GRANTED. Mr. Brady's claims against the remaining Defendants should be DISMISSED, without prejudice.

## III. Discussion:

### A. Standard

Summary judgment is granted to a party when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no real dispute about facts important in the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). In this case, the evidence offered by the Defendants shows that Mr. Brady did not use the prison's administrative procedures to resolve his issues, and he has not come forward with evidence to show that he did.

### B. Exhaustion

The Prison Litigation Reform Act requires the Court to dismiss any claim that was not fully exhausted prior to the filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

While the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). The ADC Grievance Policy specifically states that an inmate "should write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved, or witnesses, and how the policy or incident affected the inmate submitting the form." (#82-3 at p.5) The ADC inmate grievance policy go on explain that inmates must fully exhaust their administrative remedies before filing a civil lawsuit.

> Inmates are hereby advised that they must exhaust their administrative remedies as to <u>all defendants</u> at all levels of the grievance procedure before filing a Section

> 1983 lawsuit and Claims Commission claim. If this is not done, their lawsuits or claims may be dismissed immediately.

(#82-3 at p.18) (emphasis added)

Finally, the ADC grievance policy advises inmates that "grievances must specifically name each individual involved for a proper investigation and response to be completed by the ADC" and that "[i]nmates who fail to name parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties." (#82-3 at pp.4-5) (emphasis added)

1. Defendant Williams

Defendants attach the declaration of Barbara Williams, the ADC Inmate Grievance Supervisor, to their motion. (#82-1) Ms. Williams testifies that Mr. Brady never fully exhausted any grievance identifying Defendant Stephen Williams in any non-medical grievances he submitted. (#82-1 at pp.2-3) The Court has reviewed all fully exhausted grievances provided by the parties, and it is clear that Mr. Brady did not mention Defendant Williams in any of those grievances.

Mr. Brady has not come forward with any evidence to show that he fully exhausted any claim against Defendant Williams. In addition, he has not presented any evidence to show that Defendants prohibited him from filing a grievance regarding Defendant Williams's conduct. Rather, Mr. Brady argues that he was not required "to specifically name defendants when he is suing them in their official capacity." (#86 at p.1) That position, however, is contrary to settled law.

First, the Court previously dismissed Mr. Brady's claims for monetary damages against Defendants Kelley, Griffin, and King in their official capacities.[2] (#77) His claims for money damages against Defendant Williams in his official capacity also are barred by sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). And, Mr. Brady does not seek any specific injunctive relief from the named Defendants in any of his complaints. (#2, #8, #36)

The Court is not aware of any exception to the PLRA's exhaustion requirement that would allow Mr. Brady to bypass the exhaustion requirement. The case law cited by Mr. Brady is inapposite. See *Langford v. Norris*, 614 F.3d 445 (8th Cir. 2010) (specifically dismissing the state defendants' appeal regarding exhaustion based on lack of jurisdiction).

As a result, Mr. Brady's claims against Defendant Williams must be dismissed, without prejudice, based on his failure to exhaust his administrative remedies.

2. Defendants Kelley, King, Glover, and Griffin

Mr. Brady also alleges that Defendants Kelley, King, Glover, and Griffin acted with deliberate indifference to his serious medical needs. These Defendants, however, contend that Mr. Brady failed to fully exhaust any grievances against them. The undisputed evidence supports the Defendants' argument. The Court agrees.

---

[2] Defendant Williams was not a party to the motion to dismiss submitted by the OCRU Defendants because Defendant Williams is employed at the Tucker Unit of the ADC.

Defendants attach to their motion the declaration of Shelly Byers, the ADC Medical Grievance Coordinator. (#82-2) Ms. Byers testifies that Mr. Brady failed to fully exhaust any grievance identifying Defendants Kelly, King, Glover, or Griffin.[3] (#82-2 at p.3) Although Defendant Kelley responded to Mr. Brady's grievance, the law is clear that participation in the grievance process, alone, is insufficient to establish liability. *Rowe v. Norris*, 198 Fed. Appx. 579, *1 (8th Cir. 2006) (unpub. per curiam).

Furthermore, it is undisputed that Mr. Brady mentions Defendant King only in grievance ORU-12-221 and grievance ORU-12-259. (#82-2 at p.5; #82-2 at p.13) In those grievances, Mr. Brady specifically states that Defendant King attempted to assist him in obtaining medical treatment. He does not allege that Defendant King acted with deliberate indifference to his serious medical needs in either of those fully exhausted grievances. As a result, he should not be allowed to proceed on that claim.

Likewise, in grievance ORU-12-460, Mr. Brady explains that Defendant Glover "talked to the hospital and they would not do treatment on me." (#82-2 at p.17) Again, Mr. Brady does not claim that Defendant Glover ignored his serious medical needs in that grievance. Rather, it appears that Defendant Glover attempted to assist Mr. Brady. As a

[3] Ms. Byers also testified that Mr. Brady failed to fully exhaust any medical grievance regarding Defendant Williams. (#82-2 at p.2) Mr. Brady has not come forward with any evidence refuting Ms. Byers's testimony. Accordingly, to the extent that Mr. Brady claims that Defendant Williams acted with deliberate indifference to his serious medical needs, that claim also must be dismissed based on Mr. Brady's failure to exhaust his administrative remedies.

result, his claims against Defendant Glover also should be dismissed based on his failure to exhaust his administrative remedies.

## IV. **Conclusion**:

The Court recommends that the Defendants' motion for summary judgment (#81) be GRANTED. Mr. Brady's claims against the remaining Defendants should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 1st day of December, 2015.

____________________________________
UNITED STATES MAGISTRATE JUDGE